## In re Dyer Street.

By a statute passed in 1854, commissioners appointed, &c., were authorized to estimate
damages, and to assess for benefits occasioned by opening or altering streets in the city
of Providence, and in case of damage and benefit to the same person to offset one against
the other and to report the balance only.  Commissioners were appointed, by the Su-
preme Court, under this act, March 25, 1873, and took the required oaths March 29, 1873.
March 28, 1873, an act was passed taking effect immediately, repealing all inconsistent
acts, establishing a "Board of Public Works," and providing that "the board of public
works shall make all assessments for benefits under the act entitled 'An act (*i. e.* the act ·
of 1854) in relation to the laying out, enlarging, straightening, and otherwise altering
streets in the city of Providence,' and the commissioners hereafter appointed under the
provisions of said act shall estimate only the loss and damage to the respective owners
of lands and estates taken under the provisions of said act, without deduction for bene-
fits, and shall transmit to said board a certified copy of such estimate at the time of filing
a copy of such estimate with the city clerk."  Gen. Stat. of R. I. cap. 22, § 16, provides
that "the repeal of any statute shall in no case affect . . . . any suit or proceeding had
or commenced in any civil case before the time when such repeal shall take effect."
The commissioners completed their work under the act of 1854, and their report was
confirmed by the Supreme Court.  On a motion to vacate the decree of confirmation, —
*Held*, that the act of March 28, 1873, had no application to cases wherein commissioners
had already been appointed.
*Held*, further, that the commissioners appointed March 25, 1873, not having qualified
until March 29, 1873, was immaterial.

STATUTORY proceedings relative to opening highways.

On motion to vacate decrees.

The facts shown and the statutes involved in this case are
stated in the opinion of the court.

*Charles Hart, Benjamin N. Lapham, Wingate Hayes, James
Tillinghast, James M. Ripley & Charles P. Robinson*, for the
motion.

I.  As to parties against whom the commissioners' reports have
been confirmed at former terms of the court, a preliminary ques-
tion is made that they are not properly in court upon the pres-
ent applications.

It is submitted that they are : —

1st. The proceedings are still pending and subject to the con-
trol of the court.  Compare *Harris* v. *Hardeman*, 14 How. U. S.
334, 345.

*a.* The decrees entered are interlocutory only, *e. g.* if, while the proceeding is pending, the court, either upon the application of any party or of its own motion, should find such fatal irregularity as to quash the whole proceeding *ab initio* (as *In the Matter of Mt. Pleasant Avenue*, 10 R. I. 320), it could not be contended but that all these intermediate decrees would fall with the proceeding itself.

*b.* They are in the nature of decrees in equity, which, *even when* final and after enrolment, may be set aside at any time on motion, unless entered on hearing upon the merits. Freeman on Judgments, p. 70, § 100 ; *Herbert* v. *Rowles*, 30 Md. 271, and cases cited.

2d. But even if regarded as final judgments at law, if irregular or void, they may be set aside at any time *on motion*, which is not only a common law power incident to every court when no other remedy exists, but in modern practice has superseded the ancient writs of *audita querela* and of *coram nobis* and *coram vobis*. Freeman on Judgments, p. 64, § 93 ; *Harris* v. *Hardeman*, 14 How. U. S. 334, 345, 346 ; *Cannan* v. *Reynolds*, 5 El. & B. 301 ; *Shuford* v. *Cain*, 1 Abbott U. S. 302 ; *Caper* v. *Stoughton*, 16 Gray, 364 ; *Marshal* v. *Merritt*, 103 Mass. 45 ; *Joynes* v. *Scott*, 34 Md. 59 ; *Taylor* v. *Sindall*, 34 Md. 38 ; *Franks* v. *Lockey*, 45 Vt. 395 ; *Cowles* v. *Hayes*, 69 N. C. 406 ; *Crane* v. *Barry*, 47 Ga. 476 ; *Foreman* v. *Carter*, 9 Kans. 674.

Indeed, the statute recognizes this power in authorizing the court " *upon motion* and for cause shown to stay execution upon any judgment or decree until further order." Gen. Stat. R. I. cap. 211, sec. 5.

II. As to the merits of the applications : —

1st. These proceedings for condemning lands and making assessments for benefits for public improvements and the jurisdiction of the court over them are purely statutory, and the statutes existing at the time must be strictly followed, or the proceedings are *coram non judice*, irregular, and void. *Thatcher* v. *Powell*, 6 Wheat. 119, 126, 127.

2d. The act of January, 1854,[1] empowered and required the commissioners, —

*a.* As to parties whose lands were taken, to offset damages

---

[1] This act is printed in 4 R. I. 230 *sq., In the Matter of Dorrance Street.*

against benefits and benefits against damages, and to award or assess the difference only.

*b.* As to parties benefited whose lands were not taken, to assess for such benefits, and they were to report both directly to the court.

3d. The act of March 28, 1873, Pub. Laws, cap. 313, changes all this, and expressly, by sec. 13, repeals all inconsistent acts.

*a.* It establishes (sec. 1), not merely authorizes, but directly creates and establishes a board of public works, an independent tribunal, to which in the first instance, the commissioners are (by sec. 7) directed to report their awards of damages.

*b.* By sec. 7, the power to make assessments for benefits is taken from the commissioners and vested in this board of public works alone.

And the commissioners are thereafter directed to award *full damages* for lands taken without deductions for benefits.

*c.* This act carefully distinguishes between powers directly and exclusively vested in this board by the act itself, and other powers which the city council may or not confer upon it as they elect. Compare secs. 2, 3, 7, and 11.

4th. It follows of necessity that all proceedings of commissioners after March 28, 1873, in making assessments for benefits, and their reports of such assessments to this court, and all actions and decrees of this court in reference thereto, have been entirely without jurisdiction, irregular, and void. Compare Freeman on Judgments, pp. 89, 90, § 120; *Fithian* v. *Moncks,* 43 Mo. 502; *Reilley* v. *Lancaster,* 39 Cal. 354; *Boswell* v. *Dickerson,* 4 McLean, 262; affirmed, 9 How. U. S. 336.

*Charles H. Parkhurst & Nicholas Van Slyck,* for the city of Providence, opposing.

I. The court has no jurisdiction over any of these applications, because there is no application properly before the court. See Gen. Stat. R. I. cap. 210, § 2; *Vaughan* v. *Allen,* 3 R. I. 122.

II. If, however, any of these applications are properly before the court, the relief prayed for cannot be granted, because : —

The power of courts over their own judgments and records, at a term subsequent to the rendition of such judgments is limited, —

To the correction of clerical mistakes, misprisions of the clerks, or to making of·such amendments as shall cause the records to conform to the truth. *Sibbald* v. *United States,* 12 Pet. 488 ; *Washington Bridge Co.* v. *Stewart,* 3 How. U. S. 413 ; *Shepard* v. *Wilson,* 6 How. U. S. 260 ; *Wood* v. *Luce,* 4 McLean, 254 ; *Smith* v. *Hartwell,* 4 McLean, 206 ; *Brush et al.* v. *Durham,* 4 McLean, 486.

Or where there has been· no service of process so as to give the court jurisdiction. *Ex parte Crenshaw,* 15 Pet. 119 ; *Harris* v. *Hardeman,* 14 How. U. S. 334.

III. Courts of last resort have no power to review their own decisions and judgments, except as provided by statute, and after the expiration of the term at which a judgment is rendered it becomes final and conclusive. *Bank of United States* v, *Moss,* 6 How. U. S. 31, and cases cited ; *Sibbald* v. *United States,* 12 Pet. 488 ; also in 2 How. U. S. 455 ; *Washington Bridge Co.* v. *Stewart,* 3 How. U. S. 413 ; *Noonan* v. *Bradley,* 12 Wall. 121 ; *Cameron* v. *M'Roberts,* 3 Wheat. 591 ; *McMicken.* v. *Perin,* 18 How. U. S. 507 ; *Richardson* v. *Hunt,* 7 R. I. 543 ; *Crabtree* v. *Webb,* 1 Bond, 554 ; *Ex parte Sims,* 44 Ala. 248 ; *Ex parte Morris,* 44 Ala. 361 ; *Ex parte Lange,* 18 Wall. 163 ; *Comparet* v. *Hanna,* 34 Ind. 74 ; *McNitt* v. *Turner,* 16 Wall. 352 ; *Thatcher* v. *Gannon,* 12 Mass. 268 ; *Dutchess of Kingston's case,* 2 Smith's Leading Cases, 761 to 828.

IV. The court must be presumed to have passed upon all questions necessary to be determined before entering the decree of confirmation, including the question of the supposed repeal of portions of the act entitled " An act in relation to the laying out, enlarging, straightening, and otherwise altering streets in the city of Providence," [1] by the enactment of Pub. Laws, cap. 313, March 28, 1873 : " An act establishing a board of public works in the city of Providence." *Aurora City* v. *West,* 7 Wall. 82 ; *Miller* v. *United States,* 7 Wall. 268.

V. As a necessary result of the fourth proposition, the court must be presumed to have passed upon the question of the power of these commissioners to make assessments, and further, i. follows that if they were technically disqualified to make such as-

---

[1] This act is printed in 4 R. I. 230 *sq., In the Matter of Dorrance Street.*

sessments, the final judgment of the court cured all such defects of detail, as it clearly appears that such assessments were to be made by some board.

VI. Courts will take judicial knowledge of powers of a public nature, conferred by statute upon a municipal corporation though the act be not in terms declared to be a public one. *Fauntleroy* v. *Hannibal*, 1 Dillon, 118.

*July* 17, 1875.   DURFEE, C. J.   These are motions to vacate a decree of the court confirming a report of commissioners in the matter of the widening of Dyer Street, in the city of Providence. The motions are made in behalf of certain persons whose estates were assessed for benefit by the commissioners. The commissioners were appointed March 25, 1873; they qualified March 29, 1873; they reported August 1, 1873; the decree confirming their report in part was entered January 20, 1874.   They were appointed under an act passed in 1854.[1] The act of 1854, as amended,[2] authorizes an assessment of three quarters of the cost of opening or altering streets in the city of Providence upon estates benefited thereby.   The commissioners are charged by the act with the double duty of estimating for damages and assessing for benefits; and they are required by it, in case any person at the same time suffers loss and receives benefit, to offset the one against the other, and report for or against him the excess only.   They are to report directly to the Supreme Court, and their report, unless exception is taken to it or a jury trial is claimed, is to be confirmed.   In the case at bar the proceeding was throughout according to the act of 1854, and the amendments made thereto previous to the appointment of the commissioners.   On the 28th March, 1873, being three days after the commissioners were appointed and the day before they qualified, an act (cap. 313 Public Laws) was passed, which it is claimed so far altered the previous acts as to render the proceedings of the commissioners and the court under them invalid.

The new act establishes a board of public works in the city of Providence, to be composed of three persons, who are to be elected by the city council, and to hold their offices for three,

---

[1] This act is printed in 4 R. I. 230 *sq.*, *In the Matter of Dorrance Street.*
[2] By cap. 921 of Public Laws, passed March 24, 1871.

two, and one years, respectively, from the first Monday in January in the year 1873. The language used is, "A board of public works is hereby established," &c. The seventh section is as follows : —

" The board of public works shall make all assessments for benefits under the act entitled 'An act in relation to the laying out, enlarging, straightening, and otherwise altering streets in the city of Providence,' and the commissioners hereafter appointed under the provisions of said act shall estimate only the loss and damage to the respective owners of lands and estates taken under the provisions of said act, without deduction for benefits, and shall transmit to said board a certified copy of such estimate at the time of filing a copy of such estimate with the city clerk."

Section 13 declares " all acts and parts of acts inconsistent with the provisions of this act are hereby repealed." Section 14 provides that the act shall take effect from and after its passage.

It is claimed that the effect of the new act was to repeal the previous acts in so far as they are inconsistent with it, and consequently to take away from commissioners appointed under the previous acts all power to assess for benefits, and to confer it upon the board of public works. It is also claimed that the new act has this effect even in the case of commissioners appointed previous to its passage. Can this claim be sustained ? Or rather, to confine the question to the case before us, can it be sustained in regard to a proceeding in which the commissioners were appointed before the new act went into effect ?

This question is to be considered in view of the provision of the Gen. Stat. R. I. cap. 22, § 16. The provision is, that " the repeal of any statute shall in no case affect . . . . any suit or proceeding had or commenced in any civil case before the time when such repeal shall take effect." The proceeding in which these motions are made is a proceeding in a civil case. The new act therefore cannot affect it unless it does more than merely repeal acts or parts of acts previously in force. It does do more than this : it enacts provisions conflicting with them. The question therefore arises whether the rule of cap. 22, § 16, applies to such a case, or is to be confined to the case of a naked

repeal.   We think it applies, unless language is used which in-
dicates that it was meant not to apply.   To confine the rule to
the case of a naked repeal would, in our opinion, unnecessarily
restrict its beneficial operation.   The rule, however, is merely
a statutory rule, and as such does not bind the General Assem-
bly.   If the General Assembly pass an act which expressly puts
an end to pending proceedings, or which prescribes for them a
new course of procedure, — where at least they are such as the
proceeding in which these motions are made, — we must obey
the new act and disregard the rule.   But we are to construe the
new act in the light of the rule, and not to construe it as made
in derogation of the rule if we can fairly avoid it.   Can the act
establishing a board of public works be so construed as not to
affect the proceeding in which these motions are made ?   The
act creates the board, declares that it shall make all assessments
for benefits, and that commissioners thereafter appointed shall
only estimate for loss and damage, and repeals inconsistent acts
and parts of acts.   This would, perhaps, take away from com-
missioners, even though previously appointed, the power to as-
sess for benefits, but for cap. 22, § 16.   Is it to be construed as
having this effect notwithstanding cap. 22, § 16 ?   And is it to
be so construed in regard to a proceeding in which the commis-
sioners were appointed before it went into effect ?   If it is to be
so construed, it is because of the words :   " The board of pub-
lic works shall make *all* assessments for benefits."   The words,
taken by themselves and without reference to cap. 22, § 16,
doubtless imply that assessments for benefits can only be made
after the passage of the act by the board of public works.   But
they cannot be so taken.   They are to be construed with refer-
ence to the rule of cap. 22, § 16, and consequently are not to
affect a pending proceeding unless they appear to have been in-
tended to affect it.   Now whatever may be said in regard to
proceedings in which commissioners were appointed after the
new act went into effect, we do not think it is clear that the
new act, construed by the light of the rule of cap. 22, § 16,
was intended to affect any proceeding which had reached the
stage in which commissioners had already been appointed.   In-
deed, the fact that a course of procedure is prescribed for com-
missioners subsequently appointed, and for them only, favors the

view that the new act was not designed to affect any proceeding in which commissioners were previously appointed. For if such was the design, why was no course prescribed for them? Why was work already done by them permitted to come to naught? And so also the fact that the board of public works, though established, still remained to be elected, favors the same view. The words "all assessments," construed under the rule of cap. 22, § 16, which conserves pending proceedings, mean all assessments in proceedings afterwards commenced; or, if the words are to be construed as qualified still further by the language prescribing the course to be pursued by commissioners subsequently appointed, they mean all assessments unless made in some proceeding which has progressed so far that commissioners have already been appointed therein.

In the case at bar the commissioners were appointed before, but did not take their engagements until after the new act went into effect. The delay was in our opinion immaterial. We do not find the proceeding invalid for the reasons which have been urged in support of the motions, and therefore, without considering other points which have been discussed, we dismiss the motions.                                    *Motions dismissed.*